# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM | Case No. CV 0454-12 |
| Plaintiff, | |
| vs. | DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS BASED ON PLAINTIFF'S SUGGESTION THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION AND ON DEFENDANT'S MOTION FOR RECONSIDERATION |
| GERALDINE T. GUTIERREZ and EVELYN O'KEEFE, in their capacities as CO-ADMINISTRATRIXES OF THE ESTATE OF JOSE MARTINEZ TORRES, and THE ESTATE OF JOSE MARTINEZ TORRES, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 30, 2014 on Defendant's Motion to Dismiss Based on Plaintiff's Suggestion that this Court Lacks Subject Matter Jurisdiction (Defendant's Motion to Dismiss) and on Defendant's Motion for Reconsideration. Assistant Attorney General David J. Highsmith represents the Government and Attorneys Joseph C. Razzano and Joshua D. Walsh represent Defendant Geraldine T. Gutierrez,[1] Administratrix of the Estate of Jose Martinez Torres (Defendant or Estate). For the reasons set forth below, the Court stays the instant matter pending the outcome of the appeal of CV 1124-09 before the Guam Supreme Court.

---

[1] Per the Court's Order of October 29, 2013, Geraldine T. Gutierrez replaced Helene Torres as Co-Administratrix due to the latter's resignation.

## BACKGROUND

On April 12, 2012, the Government commenced the instant action seeking to quiet title to parcels of land in Dededo, i.e., Lots 5001 and 5002, and seeking a declaratory judgment that the transfers of the parcels to the Guam Ancestral Lands Commission and subsequently to the Estate of Jose Martinez Torres were *ultra vires*.

A case, CV 1124-09, involving the same parties but different parcels is currently pending before the Guam Supreme Court. On August 30, 2010 in that matter, the Government filed its Third Amended Complaint for Reformation of Deed, and for Declaratory Judgment and Imposition of a Constructive Trust. The Government contends that the deed does not reflect the decision rendered by the Ancestral Lands Commission on September 20, 2006 and the Government seeks a judgment on the merits of the Estate's ancestral lands claim. On September 30, 2013, Superior Court Judge Arthur R. Barcinas issued a Decision and Order on the parties' motions for summary judgment. The Court concluded that it lacked subject matter jurisdiction over the Government's request for a determination of the validity of the Estate's ancestral claim, but granted summary judgment in favor of the Government on the issue of reformation. Both the Government and the Estate filed a Notice of Appeal with respect to the Decision and Order and corresponding Judgment of January 17, 2014.

The first motion pending before the Court in the instant matter concerns subject matter jurisdiction. On October 31, 2013, Defendant filed her Motion to Dismiss pursuant to Guam Rule of Civil Procedure 12(h)(3), which provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." On November 20, 2013, the Government filed its Opposition to October 31, 2013 Motion to Dismiss for Lack of Subject Matter Jurisdiction. On December 12, 2013, Defendant filed her Reply to Plaintiff's Opposition to October 31, 2013 Motion to Dismiss for Lack of Subject Matter Jurisdiction. By reference to the Decision and Order in CV 1124-09, the parties dispute whether this Court has subject matter jurisdiction to entertain the instant matter.

The next motion concerns the Court's March 10, 2014 Decision and Order on Motion to Disqualify Counsel. On March 20, 2014, Defendant filed her Motion for Reconsideration. On April 8, 2014, the Government filed its Opposition to Motion to Reconsider. On May 8, 2014, Defendant filed her Reply to Plaintiff's Opposition to Motion to Reconsider. The parties dispute whether disqualification of the entire Office of the Attorney General is appropriate.

On June 30, 2014, the Court heard oral argument and took the matters under advisement.

## DISCUSSION

Although the instant matter and CV 1124-09 concern different parcels, in each case the parties are the same and the Government's causes of action concern the validity of the Estate's claims to the parcels. In particular, Superior Court jurisdiction to review the Ancestral Lands Commission's disposition of the lands has been called into question in CV 1124-09 as well as in the instant matter. Moreover, Defendant characterizes the Government's claim in the instant matter as a request for "this Court to make a determination of whether or not the [Ancestral Lands Commission] should have transferred the property within its inventory to the Estate" and as a "request[] that this Court make a determination of whether the transfer made by [the Ancestral Lands Commission] was valid." Citing to CV 1124-09, Defendant maintains that the Superior Court lacks jurisdiction to make such determinations. The Government emphasizes that CV 1124-09 is a "different case, with different facts" and that this Court is not bound by the ruling of another Judge of the Superior Court.

In light of the similarity between the two cases and the critical common issue of subject matter jurisdiction to consider the validity of ancestral claims, the Court is constrained to conclude that, in the interest of judicial economy and to provide for the orderly conduct of proceedings, it is prudent to await the outcome of the appeal to the Guam Supreme Court in CV 1124-09. See 7 GCA § 7107 ("Incidental Powers and Duties of Courts."). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of its cases "in the interest of saving time and effort for itself and litigants." ATSA of California, Inc. v. Cont'l Ins. Co., 702 F.2d 172, 176 (9th Cir. 1983), amended, 754 F.2d 1394 (9th Cir. 1985) (citing Landis v. North American Co., 299 U.S. 248, 254–55 (1936)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (collecting federal appellate cases). The Court, therefore, concludes that a stay is appropriate in the instant matter pending the outcome of the appeal in CV 1124-09. The stay applies to both outstanding motions.

## CONCLUSION

In light of the foregoing, the Court stays the instant matter pending the outcome of the appeal of CV 1124-09 before the Guam Supreme Court with respect to Defendant's Motion to Dismiss Based on Plaintiff's Suggestion that this Court Lacks Subject Matter Jurisdiction and Defendant's Motion for Reconsideration.

**IT IS SO ORDERED** this day of September 26, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date: 9/26/14 Time: _____

Superior Court of Guam

ORIGINAL